UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME CEASAR ALVERTO,

    Plaintiff,

v.

CHRISTOPHER SCHENK, *et al.*,

    Defendants.

Case No. C18-1381-JCC-MLP

ORDER DENYING MOTION TO COMPEL AND EXTENDING DISCOVERY DEADLINE

This matter comes before the Court on Plaintiff's motion to compel in this 42 U.S.C. § 1983 prisoner civil rights action. (Dkt. # 18.) Specifically, Plaintiff asks the Court to compel Defendants to explain why the identity of Defendant "Jane/Joe Doe #1" (hereinafter "Doe # 1") identified in his complaint is not discoverable. (*Id*.) Plaintiff asserts that he is attempting to discover the identity of the work supervisor of named Defendant Christopher Schenk, *i.e*., whoever "is responsible for placing [Defendant Schenk] in work assignments that reduce conflict and promote safety/security of the facility." (*Id*. at 2.) Plaintiff argues that it is unclear why the identity of this individual has not been disclosed by Defendants, despite the fact that Plaintiff propounded interrogatories directed to Doe #1 and asked defense counsel to identify Doe # 1 during a telephonic conference. (*Id*. at 1.)

ORDER DENYING MOTION TO COMPEL AND
EXTENDING DISCOVERY DEADLINE - 1

After the Court directed Defendants to substantively respond to Plaintiff's motion (dkt. # 20), Defendants explained that Plaintiff previously propounded a First Set of Interrogatories to Doe # 1 in December 2018. (Dkt. # 21 at 2-3.) Although Defendants submitted discovery responses to Plaintiff's interrogatories issued to Defendants Michael Obenland, Mark Miller, Pete Maxson, and Christopher Shenk, Defendants declined to respond on behalf of Doe # 1. Defendants advised Plaintiff that because "discovery must be propounded to a specific party and it is unclear from whom you seek a response, these discovery requests are improper and will not be processed." (Dkt. # 23-1 at 7.) Similarly, during defense counsel's telephonic status conference with Plaintiff, counsel explained that she does not represent Doe # 1, Doe # 1 had not been served, and discovery had to be propounded to a specific party in the case. (Dkt. # 23 (VanRoojen Decl. at ¶ 4).)

Defendants contend that, apart from the fact that Plaintiff failed to direct his discovery request to a named defendant, there are several troubling procedural deficiencies with respect to Plaintiff's request that Defendants disclose the identity of an individual supervisor of Corrections Officer ("C/O") Schenk. First and foremost, it is not at all clear what individual (or individuals) Plaintiff may be referring to in his discovery requests. (Dkt. # 21 at 2.) The incidents at issue in Plaintiff's complaint took place between August 2017 and August 2018, and involved interactions between Plaintiff and C/O Schenk. (Dkt. # 6.) C/O Schenk was a relief officer during the time frame at issue, and was therefore assigned to locations through the Monroe Correctional Complex (Twin River Unit, Special Offender Unit, Reformatory, and Intensive Management Unit, and Minimum Security Unit) on an as-needed basis to relieve regularly assigned staff during an absence. (Dkt. # 22 (Rule Decl. at ¶ 3).) A "Roster Manager generally assigned relief officers to the positions they are filling, [but] Sergeants, Lieutenants, and Captains also have the authority to assign relief officers as needed." *Id.* Moreover, the relief officer assignment process is distinct from the chain of command for supervisory duties, and therefore whoever assigned C/O Schenk to a particular post is likely a different person than the individual who served as C/O Schenk's supervisor in that role. *Id*. at ¶ 4.

Second, even if the Court were to construe Plaintiff's motion as though it had been properly directed to a named Defendant – which the Court declines to do – Plaintiff did not include sufficient facts in his complaint to state a claim against C/O Schenk's supervisor or the person responsible for work assignments. Specifically, Plaintiff identified Doe # 1 as an individual who "at all times in this complaint held the position of First (1st) line supervisor of Defendant Christopher Schenk." (Dkt. # 6 at 8.) Except for claims that relate to all defendants, Plaintiff includes no specific factual allegations regarding Doe # 1 other than paragraph 36, which provides "[Superintendent] Obenland and (Jane/Joe Doe #1) knew or should have known that they were placing Defendant Schenk, . . . in [a] position to have direct contact with Plaintiff…." (*Id.* at 20.)

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989). Plaintiff's claims regarding Doe # 1 appear to be based solely upon their supervisory position over C/O Schenk, rather than any actions Doe # 1 personally took against Plaintiff. Without more, Plaintiff has not adequately alleged a cause of action against Doe # 1.

Accordingly, Plaintiff's motion to compel (dkt. # 18) is DENIED. However, the Court will extend the discovery deadline in this case for an additional sixty (60) days to give Plaintiff

additional time to propound interrogatories and requests for production to the named Defendants (such as C/O Schenk) to obtain any logs or documents that may help Plaintiff further develop his claim relating to C/O Schenk's supervisor(s). Plaintiff is reminded, however, that his discovery requests may only be propounded to a named party in accordance with the Federal Rules of Civil Procedure.

Discovery shall be completed by no later than **Friday, June 7, 2019**. To comply with this deadline, Plaintiff must serve his interrogatories or requests for production at least thirty (30) days before the deadline to allow Defendants sufficient time to answer. Finally, dispositive motions shall be filed and served by no later than **July 8, 2019**. The Clerk is directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

Dated this 8th day of April, 2019.

_____
MICHELLE L. PETERSON
United States Magistrate Judge