UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>                Plaintiff,<br><br>    v.<br><br>CHRISTOPHER SCHENK, et al.,<br><br>                Defendants. | Case No. 18-1381-JCC-MLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

This is a 42 U.S.C. § 1983 prisoner civil rights action. This matter comes before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint. (Dkt. # 31.) By Order dated May 22, 2019, the Court granted Plaintiff an extension of time to comply with Federal Rule of Civil Procedure 15 and Western District of Washington LCR 15 by filing a motion for leave to amend his complaint, with a copy of the proposed amended pleading attached as an exhibit. (Dkt. # 30.) Plaintiff complied with the Court's directive, although Plaintiff's proposed amended complaint failed to include any indication of "how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added," as required by LCR 15. After Defendants pointed out this deficiency (dkt.

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND COMPLAINT - 1

# 32), however, Plaintiff filed a "reply" that included an appropriate proposed amended complaint that complied with the rule (dkt. # 33).

The Court is satisfied that Plaintiff has made a good faith effort to comply with its Order, as well as the applicable rules, and GRANTS Plaintiff's motion for leave to file an amended complaint. (Dkt. # 31.) The Court is afforded discretion to grant leave to amend and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Courts consider five factors when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). An amendment is futile if it adds a claim that could not withstand a motion to dismiss. *Jones v. Cnty. Redevelopment Agency of L.A.*, 733 F.2d 646, 650-51 (9th Cir. 1984). However, prejudice "carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Defendants' contention that such amendment will result in unfair prejudice and delay is unpersuasive. Defendants assert that they "may need to take another deposition of Plaintiff based on the claims in the proposed amended complaint" or else be left "to litigate any new claims with only discovery related to the old claims or starting the case over related to the new claims and Defendants." (Dkt. # 32 at 5.) However, even a cursory review of Plaintiff's amended complaint (which is only 17 pages in length) shows that Plaintiff's amended complaint is not so drastically different that Defendants are left in the position of starting this case over again. Moreover,

reopening the discovery period for another thirty (30) days should remedy any potential prejudice to Defendants by allowing them sufficient time to re-depose Plaintiff and contact the new Defendants. Finally, delaying this matter for a few months to allow Plaintiff an opportunity to fully and fairly present his claims is neither excessive nor unreasonable.

Accordingly, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. (Dkt. # 31.) For the sake of clarity, this case will proceed on the amended complaint attached to Plaintiff's motion (dkt. ## 31-1, 31-2, 31-3) rather than the version attached to Plaintiff's reply (dkt. # 33). The Court grants the parties until **August 30, 2019** to conduct further discovery. All depositions must be completed by this date, although the parties may request additional time upon a showing of good cause. Finally, any dispositive motion shall be filed on or before **September 30, 2019**, and noted for consideration no earlier than the fourth Friday following filing and service of the motion.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 2nd day of August, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge