UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME CEASAR ALVERTO,

              Plaintiff,

    v.

CHRISTOPHER SCHENK, *et al.*,

              Defendants.

Case No. 18-1381-JCC-MLP

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

This matter comes before the Court upon Plaintiff's motion for a third extension of the discovery deadline in this case. (Dkt. # 61.) By Order dated October 3, 2019, the Court recently denied Plaintiff's motion to compel Defendants to produce certain documents in response to Plaintiff's requests for production, but granted Plaintiff a thirty-day extension of time to reply to Defendants' motion for summary judgment. (Dkt. # 60.) On the same day the Court denied Plaintiff's motion, Plaintiff moved for an extension of the August 30, 2019 discovery deadline "to allow him opportunity to receive" the requested documents. (Dkt. # 61 at 1-2.)

Plaintiff claims he initially submitted two requests for production to Defendants before the discovery deadline passed, and that Defendants improperly refused to produce the materials. (*Id.*) First, Plaintiff argues that Defendants should have provided him with a copy of his own

ORDER DENYING PLAINTIFF'S MOTION TO
EXTEND DISCOVERY DEADLINE - 1

deposition transcript. (*Id*. at 2.) However, Plaintiff has cited no authority, and the Court is aware of none, holding that prisoners are entitled to free copies of their deposition transcripts. Defendants are under no obligation to order and pay for a certified copy of the deposition transcript for Plaintiff's use in this litigation, as Plaintiff's IFP status does not relieve him of his obligation to finance his own litigation expenses.

Second, Plaintiff argues that the Defendants erroneously failed to provide him with a copy of a kiosk e-mail grievance Plaintiff allegedly sent to Defendant Maxson on December 20, 2018. (*Id*.) Defendants responded to Plaintiff's request for production by explaining that they did attempt to locate this message, but "no kiosk message dated December 20, 2018 from Plaintiff to Defendant Maxson was located." (*Id*. at 13 (Defendants' response to Plaintiff's RFP).) It appears that Defendants did provide Plaintiff with a copy of the kiosk messages exchanged between Defendant Maxson and Plaintiff around the same time period. (*Id*.)

Accordingly, Plaintiff has not shown good cause for the Court to reopen discovery in this case, and Plaintiff's motion for extension of the discovery deadline (dkt. # 61) is DENIED. As discussed in the Court's October 3, 2019 Order, the discovery cutoff was initially set for March 18, 2019, approximately seven months ago. (Dkt. # 60 at 2.) No further extensions of the discovery deadline will be granted in this matter. Plaintiff's reply to Defendants' motion for summary judgment is due by no later than **November 4, 2019**.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 7th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge