THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME CEASAR ALVERTO,

    Plaintiff,

 v.

CHRISTOPHER SCHENK *et al.*,

    Defendants.

CASE NO. C18-1381-JCC

ORDER

This matter comes before the Court on Petitioner's objections (Dkt. No. 69) to the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 68). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections (Dkt. No. 69), ADOPTS and APPROVES the report and recommendation (Dkt. No. 68), DENIES Plaintiff's motion for summary judgment (Dkt. No. 40), GRANTS Defendants' cross-motion for summary judgment (Dkt. No. 48), and GRANTS Plaintiff's motion to withdraw his state law claims (Dkt. No. 66) for the reasons explained herein.

## I.    BACKGROUND

Judge Peterson's report and recommendation set forth the underlying facts of this case and the Court will not repeat them here. (*See* Dkt. No. 68 at 2–9.) In his amended complaint, Plaintiff asserts a number of different instances that he characterizes as retaliatory in violation of

his First Amendment rights. (Dkt. No. 35.) The report and recommendation found that most of Plaintiff's claims had no connection to protected activity or were too minimal to chill the speech of an inmate of ordinary firmness. (Dkt. No. 68 at 13–18.) The report and recommendation further found that Plaintiff's other claims related to actions that advanced legitimate penological interests. (*Id.* at 18.) The report and recommendation accordingly recommends denying Plaintiff's motion for summary judgment, granting Defendants' cross-motion for summary judgment, and granting Plaintiff's motion to withdraw his state claims. (*Id.* at 24.)[1] Plaintiff has filed objections to the report and recommendation, arguing that his declaration was not speculative and thus provides evidence of a link between his protected conduct and Defendants' intent to retaliate against him. (Dkt. No. 69 at 2–7.) The Court separately addresses each set of facts Plaintiff alleges constitute unlawful retaliation.

## II. DISCUSSION

### A. Standards of Review

A district court reviews *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). The district court is not required to review "any issue that is not the subject of an objection." *Thomas*, 474 U.S. at 149. "Pro se complaints are to

---

[1] The report and recommendation did not address Defendants' claim of qualified immunity or the merits of Plaintiff's motion for summary judgment because the report and recommendation recommended dismissing Plaintiff's claims for failing to meet the elements for retaliation. (*See* Dkt. No. 68 at 24.) The report and recommendation also summarily granted Plaintiff's motion to withdraw his state claims. *Id.* As there are no objections to that motion, the Court need not discuss Defendant's claim, the merits a Plaintiff's motion for summary judgment, or Plaintiff's motion to withdraw in this order.

be construed liberally." *Chappell v. McCargar*, 152 F. App'x 571, 573 (9th Cir. 2005).

**B.      Retaliation**

An inmate claiming retaliation under 42 U.S.C. § 1983 must (1) assert that a state actor took adverse action against the inmate, (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Adverse action is considered to be action that would chill speech, thus the two elements are often looked at together. *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009). The filing of grievances is protected conduct. *Shepard v. Quillen*, 840 F.3d 686, 692–93 (9th Cir. 2016) ("Inmates must be able to complain about staff; doing so provides a crucial check against those who are in a position to abuse them."). To establish the causation element of a retaliation claim on summary judgment, the plaintiff must show "evidence of retaliatory motive, that, taken in the light most favorable to him, presents a genuine issue of material fact as to [the defendant's] intent." *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). A plaintiff must also show that the action "did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). The Ninth Circuit has repeatedly noted that "self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001).

1. <u>Defendant Officer Christopher Schenk</u>

*a.   Plaintiff alleges Officer Schenk suspended Plaintiff's employment and sent Plaintiff back to his cell after an argument with another inmate*

Plaintiff alleges that on August 17, 2017, and September 2, 2017, Officer Schenk suspended Plaintiff's employment in retaliation for Plaintiff's protected conduct. (Dkt. No. 35 at 6.) In support of his allegation, Plaintiff provides his own declaration, a contemporaneous

grievance filed by Plaintiff about the incident, and a complaint filed by Plaintiff about the way that grievance was handled. (*Id.* at 22, 45–46.)

Defendants argue that Plaintiff's statements claiming that Officer Schenk suspended Plaintiff's employment because of the grievances he filed are conclusory and "provide no factual support for Officer Schenk's alleged retaliatory intent." (Dkt. No. 48 at 10.) Defendants also argue that Officer Schenk's sending Plaintiff back to his cell is too minimal to be considered adverse action or to chill the speech of an inmate of ordinary firmness. (*Id.* at 13.)

The report and recommendation recommends granting summary judgment dismissal as to this claim, finding that the incident was not connected to Plaintiff's grievance activity. (Dkt. No. 68 at 13–14.) Plaintiff objects to the report and recommendation's conclusion, arguing that his declaration was enough to allege a connection between this incident and his grievance activity. (Dkt. No. 69 at 2–4.)

The Court agrees with the report and recommendation. This incident took place prior to any instance in which Officer Schenk mentioned grievance activity to Plaintiff. (Dkt. No. 35 at 4, 6) (stating that Officer Schenk's first alleged mention of Plaintiff's grievance activity was on September 7, 2017 while the allegedly retaliatory incidents took place on August 17, 2017 and September 2, 2017). Plaintiff's complaint does not allege facts suggesting that Plaintiff's grievances were the actual reason Officer Schenk placed Plaintiff in his cell and suspended his employment, as opposed to the argument with another inmate. Therefore, the Court OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

> *b. Plaintiff alleges Officer Schenk called Plaintiff a "grieving motherfucker" and physically bumped into him*

Plaintiff alleges that on September 7, 2017, Officer Schenk called Plaintiff a "grieving motherfucker" and physically bumped into him. (Dkt. No. 35 at 4.) Plaintiff claims that Officer Schenk's statement was in retaliation for a grievance Plaintiff filed against Officer Fagan,

another correctional officer. In support of his allegation, Plaintiff provides his own declaration and a contemporaneous grievance he wrote about the incident. (*Id.* at 20, 35.)

Defendants argue that Plaintiff's allegation is purely speculative because he provides no evidence that Officer Schenk was aware of the grievance Plaintiff filed against Officer Fagan. (Dkt. No. 48 at 11.) Defendants also argue that Plaintiff has made inconsistent statements about whether and when Officer Schenk made the alleged comments. (*Id.* at 11.) Further, Defendants argue that there is no evidence that Officer Schenk bumping into Plaintiff was related to Plaintiff's grievance activity. (*Id.* at 11.) Finally, Defendants argue that the alleged bump was too minimal to be considered adverse action or to chill the speech of an inmate of ordinary firmness. (*Id.* at 13.)

The report and recommendation recommends granting summary judgment dismissal as to Plaintiff's claim, finding that the incident was too minimal to constitute adverse action or to chill the speech of an inmate of ordinary firmness and that Plaintiff had wavered in his statements about the connection and timing of the "grieving motherfucker" statement in relation to the "bump." (Dkt. No. 68 at 14, 16.) Plaintiff does not object to the report and recommendation's findings that this incident did not constitute an adverse action or that he wavered in his statements about the incident. (*See* Dkt. No. 69.)

As Plaintiff has failed to object to the report and recommendation's findings that the incident did not constitute an adverse action and that he made inconsistent statements, and finding no error, the Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

> *c. Plaintiff alleges Officer Schenk forced Plaintiff against a wall and slammed a sign marker*

Plaintiff alleges that on September 24, 2017, Officer Schenk forced Plaintiff up against a wall and subsequently slammed the sign marker on Room B-307. (Dkt. No. 35 at 6–7.) In support of his allegations, Plaintiff provides his own declaration, a grievance, two appeals of that

grievance, and a health services kite. (*Id.* at 22, 52–54, 56.)

Defendants argue that Plaintiff's statements claiming that Officer Schenk forced Plaintiff against a wall because of the grievances he filed are conclusory and "provide no factual support for Officer Schenk's alleged retaliatory intent." (Dkt. No. 48 at 10.) Defendants also argue that Officer Schenk's walking past Plaintiff, without making any contact, was not enough to constitute adverse action or to chill the speech of an inmate of ordinary firmness. (*Id.* at 13.)

The report and recommendation recommends granting summary judgment dismissal as to this claim, finding that the incident was too minimal to constitute adverse action and that the incident was not sufficiently connected to Plaintiff's protected activity of filing grievances. (Dkt. No. 68 at 13–14, 16–17.) Plaintiff objects on the second ground, arguing that his declaration was enough to establish a connection between this incident and his grievance activity. (Dkt. No. 69 at 2–4.) Plaintiff does not object to the report and recommendation's finding that this incident did not constitute an adverse action.

As Plaintiff has failed to object to the report and recommendation's finding that the incident did not constitute an adverse action, and finding no error, the Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

### d. *Plaintiff alleges Officer Schenk initiated a false serious infraction report against Plaintiff*

Plaintiff alleges that on September 25, 2017, Officer Schenk filed a false serious infraction report against Plaintiff. (Dkt. No. 35 at 8.) In support of his allegation, Plaintiff provides his own declaration and a contemporaneous grievance he wrote about the incident. (*Id.* at 28, 91.)

The serious infraction report filed by Officer Schenk alleged that Plaintiff had been intimidating Officer Schenk by staring at him. (Dkt. No. 35 at 61.) Defendants argue that Officer Schenk filed the infraction report in response to Plaintiff's staring rather than his grievance activity. (Dkt. No. 48 at 12.) Defendants also argue that the infraction report served a legitimate

penological interest. (*Id.* at 15–16.)

The report and recommendation recommends granting summary judgment dismissal as to Plaintiff's claim, finding that the incident was not sufficiently connected to Plaintiff's grievance activity and that Plaintiff failed to show that the infraction report lacked a legitimate penological interest. (Dkt. No. 68 at 14–15, 18–19.) Plaintiff objects to the report and recommendation's first finding, arguing that his declaration was enough to establish a connection between this incident and his grievance activity. (Dkt. No. 69 at 2–4.) Plaintiff does not object to the report and recommendation's finding that he failed to show the action lacked a legitimate penological interest.

Moreover, the infraction report is factually correct. In the report, Officer Schenk alleged that Plaintiff stared at him for two seconds when Plaintiff was on his way to recreation movement. (Dkt. No. 35 at 61.) Plaintiff, in the hearing regarding the infraction report, agreed that he had looked at Officer Schenk. (*Id.* at 64.) Officer Schenk did not allege that Plaintiff had threatened him, but simply stated that the look made him feel threatened. (*Id.* at 61.) Filing infraction reports for behavior viewed as threatening advances a legitimate penological interest, regardless of whether the behavior was intended as threatening.

As Plaintiff has failed to object to the report and recommendation's finding that the incident did not lack a legitimate penological interest, and finding no error, the Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

> *e. Plaintiff alleges Officer Schenk stared at Plaintiff in a hateful manner and stared at Plaintiff when he was in the shower*

Plaintiff alleges that on July 16, 2018, Officer Schenk stared at Plaintiff in a hateful manner and that on October 19, 2018, Officer Schenk gawked at Plaintiff while Plaintiff was in the shower. (Dkt. No. 35 at 11, 13.) In support of his allegations, Plaintiff provides his own declaration, a contemporaneous kite written by Plaintiff about the first incident, a

contemporaneous grievance written by Plaintiff about the second incident, and an appeal of that grievance. (*Id.* at 25–26, 31, 43, 86–87.)

As to the October 19 incident, Defendants argue that Plaintiff's complaint does not reference protected conduct or retaliatory intent and that Plaintiff's declaration alleges in a conclusory fashion that Officer Schenk acted with a retaliatory motive. (Dkt. No. 48 at 10.) Defendants also argue, in reference to both the July 16 and October 19 incidents, that Officer Schenk looking at Plaintiff is too minimal to constitute adverse action or to chill the speech of an inmate of ordinary firmness. (*Id.* at 14.)

The report and recommendation recommends granting summary judgment dismissal as to Plaintiff's claims, finding that the incidents were too minimal to constitute adverse action and that the incidents were not sufficiently connected to Plaintiff's protected activity of filing grievances. (Dkt. No. 68 at 13–14, 17.) Plaintiff does not object to the report and recommendation's finding that these incidents did not constitute adverse action.

As Plaintiff has failed to object to the report and recommendation's finding that the incident did not constitute an adverse action, and finding no error, the Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

### f. *Plaintiff alleges Officer Schenk refused to scan Plaintiff's badge*

Plaintiff alleges that on August 3, 2018, Officer Schenk refused to scan Plaintiff's badge to obtain a food tray at lunch. (Dkt. No. 35 at 11.) Plaintiff argues that Officer Schenk's refusal was arbitrary and capricious and was in retaliation for grievances filed by Plaintiff. (*Id.* at 11, 26.) In support of his allegations, Plaintiff provides his own declaration and a contemporaneous grievance he filed about the incident. (*Id.* at 26, 74.)

Defendants argue that the complaint does not mention protected activity in relation to this incident and that Plaintiff's declaration conclusively alleges that Officer Schenk acted with a retaliatory motive. (Dkt. No. 48 at 10.) Defendants also argue that failing to scan Plaintiff's badge, especially given that he still received lunch, is too minimal to constitute adverse action or

to chill the speech of an inmate of ordinary firmness. (*Id.* at 14.)

The report and recommendation recommends granting summary judgment dismissal as to Plaintiff's claim, finding that the incident was too minimal to constitute adverse action and that the incident was not sufficiently connected to Plaintiff's protected activity of filing grievances. (*See* Dkt. No. 68 at 14, 17.) In his objections, Plaintiff argues that his declaration was enough to allege a connection between this incident and his grievance activity. (Dkt. No. 69 at 2–4.) Plaintiff does not object to the report and recommendation's finding that the incident he complains of was too minimal to constitute adverse action.

Depriving an inmate of food has been held to violate the Eighth Amendment—so doing so certainly rises to the level of adverse action. *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009). But, in this case, Plaintiff was not deprived of food. While he alleges Officer Schenk refused to scan his card, he still received a lunch tray. (*See* Dkt. Nos. 35 at 74, 50-1 at 25.) Therefore, the alleged conduct was not enough to constitute adverse action or to chill the speech of an inmate of ordinary firmness. Moreover, the incident was far removed from any mention of grievance activity. It had been almost a year since Plaintiff's conversation with Correctional Program Manager ("CPM") Mark Miller about his grievance activity and the threats made over Plaintiff's use of the phone, both discussed further below, did not occur for another two months. (*See* Dkt. No. 35 at 7, 11–12) (stating the meeting with CPM Miller took place on September 25, 2017, the chow hall incident took place on August 3, 2018, and the phone incident took place on October 1, 2018).

Plaintiff has not sufficiently alleged that Officer Schenk acted with a retaliatory motive in failing to scan his badge at lunch. The Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

*g. Plaintiff alleges Officer Schenk verbally harassed Plaintiff*

Plaintiff alleges that on October 1, 2018, Officer Schenk threatened Plaintiff, stating "Fuck you, I'mma make your life hell, you ain't using the phone, you ain't using shit, fuck you,

you can die in that room for all I care, grieve that motherfucker." (Dkt. No. 35 at 12.) The alleged comments came from the officers' booth, which controlled the use of phones within the unit. (Dkt. No. 35 at 76.) Plaintiff admits he did not see who was in the officers' booth at the time the incident occurred. (Dkt. No. 50-1 at 26–27.) In support of his allegations, Plaintiff provides his own declaration and a kite he wrote about the incident. (Dkt. No. 35 at 26, 76.)

Defendants argue that Plaintiff's complaint does not contain any mention of protected activity and that Plaintiff's declaration conclusively alleges that Officer Schenk acted with a retaliatory motive. (Dkt. No. 48 at 10.) Defendants also argue that verbal insults are not enough to constitute adverse action or to chill the speech of an inmate of ordinary firmness. (*Id.* at 14.) Further, Defendants argue that the evidence conclusively shows that Officer Schenk was not in the booth at the time of the alleged incident. (*Id.* at 14–15.)

The report and recommendation recommends granting summary judgment dismissal as to Plaintiff's claim that Officer Schenk threatened him while in the officer's booth because Defendants provided time logs from the prison for the morning of October 1, 2018, which show that Officer Schenk was not in the booth at the time. (Dkt. No. 68 at 17–18.) Plaintiff does not object to the report and recommendation's finding that Officer Schenk was not in the booth at the time of the alleged incident.

As Plaintiff has failed to object to the report and recommendation's finding that Officer Schenk was not present in the officer's booth at the time the alleged incident took place, and finding no error, the Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

        *h. Plaintiff alleges Officer Schenk sexually harassed Plaintiff*

Plaintiff alleges that on October 2, 2018 Officer Schenk whispered into Plaintiff's ear, "I smell pussy, I fuck pussy." (Dkt. No. 35 at 13.) In support of his allegation, Plaintiff provides his own declaration, a letter he sent to the prison's mental health unit about the incident, and two Prison Rape Elimination Act ("PREA") documents. (*Id.* at 31, 81, 83–84.)

Defendants argue that Plaintiff's complaint does not contain any mention of protected activity and that Plaintiff's declaration does not establish any retaliatory motive. (Dkt. No. 48 at 10.) Defendants also argue that verbal insults are not enough to constitute adverse action or to chill the speech of an inmate of ordinary firmness. (*Id.* at 14.)

The report and recommendation recommends granting summary judgment dismissal as to this claim, finding that the incident was too minimal to constitute adverse action. (Dkt. No. 68 at 18, n.3.) Plaintiff did not object to the report and recommendation's finding that these actions were too minimal to constitute adverse action.

The report and recommendation incorrectly stated that language is insufficient to support a § 1983 retaliation claim. (*Id.* at 14.) The report and recommendation cites *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997), a case discussing whether insults are sufficient to constitute cruel and unusual punishment under the Eighth Amendment. *See id.* But language has been consistently held to be enough to constitute adverse action and to chill an inmate's speech in § 1983 retaliation cases. *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1115–16 (9th Cir. 2012) (holding that an officer's threat of physical violence constituted adverse action); *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("[A] retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights.").

While the report and recommendation stated an incorrect general standard, Plaintiff failed to object the report and recommendation's finding. (Dkt. No. 69.) Further, the language used does not amount to an actionable threat. Therefore, the Court agrees with the report and recommendation's conclusion. The Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

2. <u>Defendant CPM Mark Miller</u>

Plaintiff asserts that CPM Miller threatened him by stating during a meeting that he would "infract [Plaintiff] for intimidation . . . send [him] to the hole . . . and to closed custody . . . I know you don't want that, so I hope we have an understanding . . . I don't want to

hear about you filing any more grievances about . . . Schenk, deal . . . ." (Dkt. No. 35 at 7.) In support of his allegation, Plaintiff provides his own declaration, a contemporaneous grievance he wrote about the incident, and an appeal of that grievance. (*Id.* at 23, 58–59.) Plaintiff also alleges that on October 5, 2017, Officer Schenk and CPM Miller transferred Plaintiff to another facility after he was found "not guilty" of the serious infraction filed against him. (*Id.* at 9.) In support of this allegation, Plaintiff relies solely on his own declaration. (*Id.* at 29.)

Defendants' motion for summary judgment and the report and recommendation seem to conflate these two incidents, though the Court sees them as separate claims. (*See* Dkt. Nos. 48 at 17–20, 68 at 20–21.) In the first, the alleged adverse action is CPM Miller's threatening words. (*See* Dkt. No. 35 at 7.) In the second, the alleged adverse action is the transfer of Plaintiff to another facility. (*See id.* at 9.) Defendants do not dispute that the meeting and the transfer took place; instead they argue that (1) taking action against prisoners who file repeated grievances advances a legitimate penological interest, (2) CPM Miller's actions would not chill the speech of an inmate of ordinary firmness, and (3) CPM Miller's actions were so minimal that they did not constitute adverse action. (Dkt. No. 48 at 17–20.)

Regardless of the conflation, the report and recommendation recommends granting summary judgment dismissal as to Plaintiff's claims regarding the meeting and the subsequent transfer, finding that Plaintiff failed to show that the actions lacked a legitimate penological interest. (Dkt. No. 68 at 20–21.) Plaintiff did not object to this finding. Moreover, CPM Miller agrees that the meeting took place and that the purpose of the meeting was to discuss Plaintiff's relationship with Officer Schenk. (Dkt. No. 53 at 2–3.) In his declaration, CPM Miller states that both the meeting and the prohibited placement were necessary to prevent an escalation of the conflict between Officer Schenk and Plaintiff. (*Id.* at 3–4.) CPM Miller also states that the prohibited placement was narrow in that it only applied to a part of the Monroe Correctional Complex and it was for the shortest amount of time available. (*Id.* at 4.)

As Plaintiff has failed to object to the report and recommendation's finding that the

incident did not lack a legitimate penological interest, and finding no error, the Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

### 3. Defendant Grievance Coordinator Peter Maxson

Plaintiff asserts that Grievance Coordinator Maxson made fabrications in Plaintiff's grievance reports, such as changing the word "design" to "decision." (Dkt. No. 35 at 5.) In support of his allegation, Plaintiff provides his own declaration and examples of grievance reports where certain words had been changed or misspelled. (*Id.* at 20–21, 43, 45–46, 78–79.)

The report and recommendation recommends granting summary judgment dismissal as to Plaintiff's claim that Grievance Coordinator Maxson changed words in Plaintiff's grievance reports, including changing the word "design" to "decision." (Dkt. No. 68 at 23–24.) The report and recommendation found that the grievance report was not typed by Grievance Coordinator Maxson and that the errors were not intentional. (*Id.*) Plaintiff did not object to this finding.

As Plaintiff has failed to object to the report and recommendation's finding that the incident did not constitute an adverse action, and finding no error, the Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

**C. Conspiracy**

Plaintiff alleges that Defendants Rogalski, Holevinski, Navarez, and Bos all colluded with Officer Schenk to place him in a post near Plaintiff. (Dkt. No. 35 at 12–14.) In support of his allegations, Plaintiff provides his own declaration. (*Id.* at 27–28, 31–33.) Defendants argue that the complaint does not mention any protected conduct and that the declaration alleges retaliatory motive only in a conclusory manner. (Dkt. No. 48 at 10.)

The report and recommendation recommended granting summary judgment dismissal as to these claims, finding that there was no evidence to support Plaintiff's assertion and that the placements of Officer Schenk were not inappropriate. (Dkt. No. 68 at 24.) Plaintiff did not object to the report and recommendation's finding.

As Plaintiff has failed to object to the report and recommendation's finding that there were no facts to support these claims, and finding no error, the Court thus OVERRULES Plaintiff's objections and ADOPTS the report and recommendation as to this set of facts.

## III. CONCLUSION

For the foregoing reasons, and having found no other error in the report and recommendation, the Court hereby ORDERS that:

1. Plaintiff's objections to the report and recommendation (Dkt. No. 69) are OVERRULED;
2. The report and recommendation (Dkt. No. 68) is ADOPTED and APPROVED;
3. Plaintiff's motion for summary judgment (Dkt. No 40) is DENIED;
4. Plaintiff's motion to withdraw his state law claims (Dkt. No. 66) is GRANTED;
5. Defendants' cross-motion for summary judgment (Dkt. No. 48) is GRANTED; and
6. This case is DISMISSED with prejudice.

DATED this 9th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1381-JCC
PAGE - 14